Dear Ms. Richard:
This office is in receipt of your request for an opinion of the Attorney General in regard to participation in DROP. You ask the following questions:
 1. May DROP participants serve on the Board of Trustees, considering the provisions of R.S. 11:2091(B)(3); and
 2. Would a participant in the DROP be entitled to receive contributions from the Member Supplemental Savings Fund during the period of participation.
You indicate an opinion was originally requested from Mr. Randall Roche who drafted and pursued the legislation which created DROP and MSSF. In answer to your first question he observed that R.S. 11:2091(B)(3) provides with respect to board membership that "four active and contributing members of the system * * * shall be elected by the members of the Registrars of Voters Association". He further quoted R.S. 11:2144(E), Deferred Retirement Option Plan, wherein it provides "upon the effective date of the commencement of participation in the plan, active membership in the system shall terminate." However, while he noted from a simple reading of the statute it would appear that a person participating in the DROP would not be an active contributing member of the system and would not be eligible to serve on the board of trustees, he concluded such is not the case for the rules governing DROP are only applicable to the DROP and should not be applied in conjunction with other provisions of law". He stated as follows:
 Under general retirement definitions, an active member of a system is a member who is working for an employer whose employees are eligible to be participants in the system. A participant in the DROP is a member of the system who is working; however, for purposes of the DROP, and for DROP purposes only, he is neither a member nor a retiree. Thus, a DROP participant is actually an active member of the system.
 A DROP participant is a contributing member of the system. It must be understood that under the DROP a participant could not be allowed to contribute directly to the system as he would then be accruing additional benefits. As a DROP participant he has selected a retirement option, but he is not retired from the system, the retirement benefit under the option selected is paid into his DROP account. The funds held in the DROP account earn interest, along with the other assets of the system, but the DROP participant is not entitled to accrue any additional benefit nor receive this interest. This interest remains with the system. The retention of interest by the system meets the requirement that a member be contributing to the system.
We agree that a simple reading of the statute would appear to support a conclusion that a person participating in DROP would not be qualified to be a member of the Board which by statute requires the board member to be an active and contributing member.
Despite that this office stated in Atty. Gen. Op. No. 93-627 that upon entering DROP the employee's active membership in the retirement system is terminated, we can understand that the provisions relative to DROP should not be determinative of other provisions, and such a member could be termed as an active member of the retirement system since employed and working for an employer covered by the system. This is further supported by the resolution of the Board that for purposes of membership on the Board, a participant in DROP shall be considered an active contributing member of the system.
However, we have more difficulty in concluding he is a contributing member of the system. In Atty. Gen. Op. No. 93-627 this office noted that upon entering DROP the employee's contributions to the system cease. Mr. Roche acknowledges the individual could not be allowed to contribute directly, but determines he is a contributing member by the fact that the interest on the funds held in DROP remain with the system. Therefore, this constitutes him as a member contributing to the system.
We find this a strained interpretation, and we cannot conclude this was the intention of the legislature in requiring a board member be an active, contributing member. The contribution to the retirement system is too indirect to be the reasonable interpretation of the legislative provisions requiring members on the board of trustees to be "active contributing members" of the Registrar of Voters Employees' Retirement System.
We do agree with Mr. Roche's conclusion that a participant in the DROP would not be entitled to receive contributions from the Members' Supplemental Savings Fund. This is consistent with Atty. Gen. Op. No. 93-627 which stated that a member of DROP is not eligible to share in the allocation of the Members' Supplemental Savings Fund except for that portion of the year, if any, that he was a member of the retirement system.
We hope this sufficiently answers your questions, but if we can be of further assistance, do not hesitate to contact us.
Sincerely yours,
 RICHARD P. IEYOUB Attorney General
 By: ___________________________ BARBARA B. RUTLEDGE Assistant Attorney General